KITTERINGHAM v. THE BLAIR TOWN LOT AND LAND CO.

1. **Former Adjudication:** SAME PARTIES AND ISSUES. A former adjudication binds the parties thereto in a subsequent action between them involving the same issues.

2. **Public Lands:** MERE POSSESSION GIVES NO TITLE. The mere settling upon public land and occupancy thereof for a time prior to an application to enter it as a homestead, does not have the effect to create any right, title or interest therein.

*Appeal from Harrison District Court*—HON. C. H. LEWIS, Judge.

ACTION in equity to determine the ownership of certain real estate. Judgment for the defendant, and plaintiff appeals.

*S. H. Cochran*, for appellant.

*E. S. Bailey*, for appellees.

SEEVERS, J.—The petition states that the plaintiff settled upon the N. ½ of the N. E. ¼, the N. E. ¼ of the N. W. ¼, and the S. W. ¼ of the N. E. ¼, of section 15, in township 78 N., range 44 W., in Harrison county, Iowa, in April, 1867, and then commenced improving and cultivating the same, with a view of obtaining the title thereto under the pre-emption or homestead laws of the United States, and that on the 8th day of July, 1872, he made an application to enter said land at the United States land-office, and on the 14th day of September, 1872, received the duplicate receipt of the register thereof for the entry of such land under the act of congress to secure homesteads to actual settlers on the public domain; that he presented the register's certificate to the receiver of the land-office, and paid him $14, in full of all legal charges for said land; that the receiver wrongfully refused to give the plaintiff a duplicate receipt, on the ground that the Chicago, Rock Island and Pacific Railroad Company pretended to have some claim thereto; that in January, 1875, he again tendered all legal fees to such receiver, and was wrongfully informed by the receiver that the Cedar Rapids & Missouri River Railroad Company pretended to have

some claim to said land; that at the time the plaintiff settled upon said land, and at all times, he has been legally entitled to the possession thereof under the homestead laws of the United States. The relief asked is that the plaintiff's title to said land be quieted. The defendant answered the petition, and disclaimed any interest in the N. E. ¼ of the N. E. ¼ of said section 15, and, as to the residue, claims title under the Cedar Rapids & Missouri River Railroad Company, to whom the land was granted, as the defendant claims, under the acts of Congress known as the "railroad land grants." It is stated in the answer that said lands were duly selected by the railroad company, and the selection of the N. W. ¼ of the N. E. ¼, and the N. E. ¼ of the N. W. ¼, was approved by the secretary of the interior on the 18th day of July, 1868, and that the S. W. ¼ of the N. E. ¼ was selected by said company, and on the 2d day of September, 1872, the same was approved by said secretary, and thereby the title to said lands vested in said railroad company in pursuance of said acts of congress. A prior adjudication is also pleaded by the defendant, and it asks that its title to said lands be quieted.

I. When the plaintiff applied to the land-office in July, 1872, and claimed the right to enter the land as a homestead under the act of congress, he only sought to enter the N. E. ¼ of said section 15. Therefore, as he never sought to enter the N. E. ¼ of the N. W. ¼ of said section, his right and title thereto have failed, and that tract, and also the one to which the defendant disclaimed any title, cannot be regarded as being in controversy in this action.

II. We find that the right and title to the S. W. ¼ of the N. E. ¼ of said section was in controversy in *Blair Town Lot & Land Co. v. Kitteringham*, 43 Iowa, 462.

1. FORMER adjudication: same parties and issues. The parties in that action were the same as in this. The issues in that case are the same as in this, and therefore the adjudication in that case barred the right to litigate the same question again.

III. As to the remaining tract, it will be observed that the plaintiff made an application to enter it as a homestead in 1872. It is sufficient to say that, at that time, the land did not belong to the United States, but that the title had vested in the railroad company under the railroad grants, unless the occupancy of the land, which commenced, it will be conceded, in 1867, vested in him some equity or right to the land under some act of congress. Our attention has not been called to such an act, and we know of none. Prior to the time the application was made to enter the land as a homestead, the plaintiff was in possession by sufferance merely, and it did not have the effect to create in him any right, title or interest. Nothing that was said by the local land-officers could in any manner prejudice the rights of the railroad company.

2. **PUBLIC LANDS: mere possession gives no title.**

AFFIRMED.